## S. A. LARKIN v. STATE.

No. A-8441.  June 9, 1933.
Rehearing Denied Sept. 8, 1933.
(24 Pac. [2d] 357.)

Miller & Miller and Vance & Bliss, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.    The plaintiff in error, hereinafter referred to as the defendant, was by information charged with the crime of murder in taking the life of W. L. McBroom; was convicted of manslaughter in the first degree, and sentenced to serve a term of four years in the state penitentiary, and appeals.

The testimony on behalf of the state shows that the defendant, S. A. Larkin, and the deceased, W. L. McBroom, were related by marriage, the defendant living and being in business in a little place by the name of Ray, and the deceased living at Hulbert; that on the date of the killing the defendant and deceased were in the town of Hulbert together, going from one place to another, finally going to a restaurant of a man by the name of Trapp, where they drank what purported to be whisky, after which they returned to the hotel. A number of parties saw them go into the hotel; they were in the kitchen or back of the hotel talking when some controversy arose over a dog; shots were heard, and when the parties got to the room they found W. L. McBroom had been fatally shot. The defendant was in the room. So far as the record shows the deceased and defendant had had no trouble prior to the time they went to the kitchen of the hotel, and had been friends for many years.

The defendant testifying in his own behalf said that from the time he took the drink in the restaurant until the night after the killing when he came to himself in the jail at Tahlequah he had no recollection of what took place; that his mind was blank, and, if he shot the de-

ceased, he had no recollection of it. He admits having possession of a pistol in his car when he went to Hulbert the day the killing took place, and it is shown the pistol found on the floor, or somewhere in the hotel, was the pistol of the defendant. It is not disputed that the defendant had a pistol the day of the killing. Prior to the killing the defendant had borne a good reputation, and a number of his neighbors testified as to his being a law-abiding citizen.

The only controverted question to be decided in this case is, Was the defendant so intoxicated or drugged as to be incapable of knowing the consequences of his acts? This question was submitted to the jury by the court; the jury, after hearing all of the testimony, the argument of counsel, and instructions of the court, found against the defendant and returned its verdict of guilty and fixed the minimum punishment under the law for one convicted on a charge of manslaughter in the first degree. This court has repeatedly held that, when there was any competent evidence to sustain the verdict, it would not disturb the same.

Several errors have been assigned by the defendant, but, as the defendant has not cited any authority in support of his assignments and has argued them all together, it is not deemed necessary to further refer to the testimony in the case or to set out at length the assignments.

In Cheadle v. State, 11 Okla. Cr. 566, 149 Pac. 919, L. R. A. 1915E, 1031, in the first paragraph of the syllabus, the court said:

"In a prosecution for murder, alcoholic insanity, or mental incapacity produced by voluntary intoxication existing only temporarily at the time of the homicide, is no justification or excuse therefor. To constitute insan-

84

ity, caused by intoxication, a defense in a trial for murder, it must be insanity caused by chronic alcoholism and not a mere temporary mental condition."

In Collier v. State, 17 Okla. Cr. 139, 186 Pac. 963, 12 A. L. R. 839, Cheadle v. State, supra, is cited with approval.

After a careful examination of the record we hold that the evidence is amply sufficient to sustain the verdict and judgment; that the court in its instructions correctly advised the jury as to the law applicable to the facts in the case. The other errors assigned by the defendant do not possess sufficient merit to warrant a reversal. The defendant was accorded a fair and impartial trial.

Finding no errors in the record sufficient to warrant a reversal, the judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.